**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**ERIC AGUILAR,**

      Plaintiff,

v.                                          No. 1:14-CV-572 JAP/GBW

**THE STATE OF NEW MEXICO,**
**NEW MEXICO CORRECTIONS DEPARTMENT, and**
**CORRECTIONS OFFICER JOSH CORDOVA, and**
**LIEUTENANT LIFRED SPRUNK,**
**ROBERT DARNELL and DAVID MCNUTT,**

      Defendants.

## MEMORANDUM OPINION AND ORDER

On March 6, 2015, Defendants filed a MOTION FOR PROTECTIVE ORDER AND REQUEST FOR GUIDANCE ON GRAND JURY MATERIAL (Doc. No. 45) (Motion). Plaintiff did not respond. For the following reasons, the Court will deny the Motion.

**I.    Background**

Plaintiff claims Defendants violated his rights under the Eighth Amendment and Title II of the Americans with Disabilities Act, 42 U.S.C. § 1231(1)(B) (1990). *See* Doc. No. 1 at 5–6. Plaintiff alleges Defendants severely beat him and withheld necessary medical care while he was incarcerated at a New Mexico Corrections Department facility. *Id.* at 4–5; Motion at 2.

Shortly after the incident that forms the basis of Plaintiff's complaint, a federal grand jury was convened to investigate the incident. Motion at 2. The grand jury served Defendant New Mexico Corrections Department with two requests for information, and the Corrections Department gave the grand jury materials in response. *Id.*

On February 4, 2015, Plaintiff served Defendants with a set of requests for production that, among other things, asks Defendants to produce

> any and all written memoranda, use of force reports, correspondence, documents, e-mails, [text messages], photographs, video or audio tapes, witness statements, or other writings or recordings relating in any way to all incidents described in Plaintiffs [sic] complaint and the investigation into the subject incident.

Doc. No. 45 at 11.[1]

Defendants argue that their duty to produce material in response to Plaintiff's discovery request conflicts with their duty to refrain from "compromising" the secrecy of grand jury proceedings. Motion at 3. Defendants ask this court to answer the following questions:

> (1)     [w]hether the grand jury subpoenas received by the Corrections Department may be divulged to Plaintiff's counsel;
> (2)     [w]hether the Corrections Department's responses to any grand jury subpoenas including all documents and tangible materials submitted can be divulged to the Plaintiff;
> (3)     [w]hether materials that were submitted to the grand jury may be divulged to the Plaintiff without revealing whether subject to the subpoena and if so, the appropriate parameters of any disclosure that can be made to the Plaintiff; and
> (4)     [w]hether there is a need for a confidentiality order or a similar protective order covering any released material.

*Id.* at 5–6.

## II.     Standard of Review

Federal Rule of Criminal Procedure 6(e)(2)(A) states that "[n]o obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)." Rule 6(e)(2)(B), in turn, states that grand jurors, interpreters, court reporters, anyone who transcribes recorded testimony, attorneys for the government, and government personnel who "assist in…enforce[ment] of federal criminal law" may not "disclose a matter occurring before the grand jury…."

---

[1] Defendants also report that Plaintiff has filed a lawsuit against them in New Mexico state court seeking the same information under the Inspection of Public Records Act (IPRA), N.M. Stat. Ann. § 14-2-1 *et seq.*

Rule 6

> is intended to protect only against disclosures of what is said or
> what takes place in the grand jury room. Although documents may
> come within the proscription against disclosure[,] it is not the
> purpose of the Rule to foreclose from all future revelation to
> proper authorities the same information or documents which were
> presented to the grand jury. Thus, when testimony or data is sought
> for its own sake—for its intrinsic value in the furtherance of a
> lawful investigation—rather than to learn what took place before
> the grand jury, it is not a valid defense to disclosure that the same
> information was revealed to a grand jury or that the same
> documents had been, or were presently being, examined by a grand
> jury.

*United States ex rel. Woodard v. Tynan*, 757 F.2d 1085, 1087–88 (10th Cir. 1985) (citation,

quotation omitted).

## III.    Discussion

Defendants first argue that their Motion should be decided not by the presiding judge in

this case, but by the United States District Judge, also a member of this Court, who presided over

the federal grand jury that issued the subpoenas to Defendants. Motion at 1, 5. Defendants quote

language from *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211 (1979) that

"the policies underlying Rule 6(e) dictate that the grand jury's supervisory court participate in

reviewing" requests for the release of grand jury transcripts, "as it is in the best position to

determine the continuing need for grand jury secrecy." 441 U.S. at 225.

Insofar as Defendants' Motion encompasses grand jury testimony and other materials in

the *Court's* custody, the Court agrees. But this is not how the Court understands Defendants'

request. The Motion seeks a protective order over the grand jury subpoenas themselves and the

documents submitted in response to those subpoenas, both of which are in Defendants'

possession. *See* Motion at 5. This distinguishes *Douglas*, because that case concerned

information in custody of the Court, which had a duty under Rule 16(e)(6) to keep records

sealed.[2] Moreover, *Douglas* was codified by Rule 6(e)(3)(F). *See* 1 Wright & Leipold, Federal

Practice and Procedure: Criminal § 110 (2010 ed.). And that rule only applies to "a petition to

disclose a grand jury matter…." Fed. R. Crim. P. 6(e)(3)(F). Since this is not a petition to

disclose, but rather a motion for a protective order, Rule 6(e)(3)(F) does not apply.

> A.      *Whether the grand jury subpoenas received by the Corrections Department may*
>
>         *be divulged to Plaintiff's counsel*

The Advisory Committee Note to subdivision (e) of Rule 6 states that Rule 6(e) "does not

impose any obligation of secrecy on witnesses…. The seal of secrecy on witnesses seems an

unnecessary hardship and may lead to injustice if a witness is not permitted to make a disclosure

to counsel or to an associate." Because the grand jury subpoenas could reveal what was said or

took place in the grand jury room, the Court would be inclined to grant Defendants' Motion.

However, the Court need not decide the issue: Plaintiff has stated that the request for production

at issue in this case does not seek the subpoenas, and in any event, Defendants have already

disclosed the subpoenas to Plaintiff. *See* Doc. No. 50 at 2. The Court will therefore deny

Defendants' Motion as to the grand jury subpoenas as moot.

> B.      *Whether the Corrections Department's responses to any grand jury subpoenas*
>
>         *including all documents and tangible materials submitted can be disclosed to the*
>
>         *Plaintiff.*

Defendants suggest that because a grand jury subpoenaed them and investigated the

events underlying Plaintiff's lawsuit, investigative materials in Defendants' possession might

reveal the inner workings of the grand jury proceedings. If the Defendants were enlisted by the

grand jury to conduct an investigation on its behalf, disclosure would be prohibited under Rule

---

[2] The *Douglas* Court noted that defendants in the underlying civil litigation had received the transcripts under Fed. R. Crim. P. 16(a)(1)(A), but that the plaintiffs had not chosen to move to compel the defendants to produce the transcripts under Fed. R. Civ. P. 37. *See Douglas*, 441 U.S. at 215–16.

6(e)(2)(B)(vii), which imposes an explicit duty of secrecy for that sort of information. But

Defendants do not claim that Rule 6(e)(2)(B)(vii) applies in this case. Without any other

information, the Court can only conclude that the information in Defendants' possession was not

prepared at the behest of the grand jury, but rather "for its own sake—for its intrinsic value in the

furtherance of a lawful investigation[;]" therefore, "it is not a valid defense to disclosure

that…the same documents had been, or were presently being, examined by a grand jury." *United

States ex rel. Woodard v. Tynan*, 757 F.2d 1085, 1088 (10th Cir. 1985) (quotation omitted).

The Court might have reached a different conclusion had Plaintiff's request for

production specifically mentioned the grand jury proceedings. For example, if Plaintiff's request

had asked Defendants for only those documents produced to the grand jury in response to a

subpoena, production of those documents might reveal the inner workings of the grand jury and

therefore violate Rule 6. *See In re Sealed Case*, 801 F.2d 1379, 1381 (D.C. Cir. 1986). But that is

not the case here, where Plaintiff seeks all writings related in any way to the incident that gave

rise to Plaintiff's complaint. The Court will accordingly deny Defendants' Motion as to any

documents in their possession, including those subpoenaed by the grand jury.

C. *Whether materials that were submitted to the grand jury may be divulged to the*

*Plaintiff without revealing whether that material was subject to the subpoena and*

*if so, the appropriate parameters of any disclosure that can be made to the*

*Plaintiff.*

Defendants' next question is related to the one above. Defendants suggest that producing

all documents in their possession that relate to the incident underlying this lawsuit would reveal

the inner workings of the grand jury process. As the Court has already noted, Plaintiff does not

make any express reference to the grand jury proceedings in his request for production. If

5

Defendants had made a limited disclosure and notified Plaintiff that they are withholding all documents that had been produced in response to the grand jury subpoenas, then a subsequent disclosure of those materials would necessarily reveal the contours of the grand jury investigation. Thankfully, Defendants have not done that in this case. The Court therefore concludes that no "parameters" or restrictions on disclosure are warranted in this case, beyond those otherwise justified by the Rules of Civil Procedure.

> D.      *Whether there is a need for a protective order on any of the material released to Plaintiff in response to the request for production.*

The Court concludes that there is no need for a protective order at this time. If Defendants believe that the Court has misapprehended the facts or that release of certain documents will reveal the inner workings of the grand jury process, Defendants may file an *ex parte* motion for review with those documents attached. The Court will then either deny and unseal the motion or issue an appropriate protective order. To reiterate, Defendants are under no obligation of secrecy simply because they received a grand jury subpoena. Even though Defendants submitted certain documents to the grand jury, this does not by itself put those documents beyond the scope of civil discovery. The Court may nonetheless reconsider its decision if Defendants can provide a more concrete justification for their contention that responding to Plaintiff's discovery request will reveal what happened in the grand jury room.

## IV.    Conclusion

IT IS ORDERED THAT Defendants' MOTION FOR PROTECTIVE ORDER AND

REQUEST FOR GUIDANCE ON GRAND JURY MATERIAL (Doc. No. 45) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE