IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ERIC AGUILAR,

    Plaintiff,

v.                                                            CIV No. 14-572 JAP/GBW

STATE OF NEW MEXICO, *et al.*,

    Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

This matter is before the Court on the Plaintiff's First Motion to Compel Discovery from Defendant Sprunk. *Doc. 54*. Having considered the attendant briefing (*docs. 56, 58*), the argument at the June 10, 2015 hearing (*doc. 64*), and being otherwise fully advised, the Court will GRANT the motion.

**I.**     **BACKGROUND**

This case arises from an incident that took place on April 6, 2013, while Plaintiff was an inmate at the Central New Mexico Correctional Facility. Plaintiff alleges that Defendants violated his civil rights under the Eighth and Fourteenth Amendments and otherwise acted unlawfully by causing him injury and neglecting to provide him with prompt medical attention. Defendant Sprunk was a Lieutenant at the prison at the time. He was involved in the incident and was subsequently terminated from employment.

1

Plaintiff filed the instant Motion to Compel on May 5, 2015. *Doc. 54.* Plaintiff moves the Court for an order compelling Defendant Sprunk to respond to certain requests for production. *Id.* Defendant Sprunk does not contend that the information sought is not discoverable. Rather, he maintains that the information is confidential and is thus only willing to produce the requested documents with a confidentiality order in place. *See generally doc. 56.*

On March 31, 2015, Defendant Sprunk provided Plaintiff with a privilege log listing fourteen items. Defendant objected to the disclosure of each of the listed materials "on the grounds that public disclosure of the sensitive information therein would result in 'annoyance, embarrassment, [and] oppression . . .'" under Fed. R. Civ. P. 26(c)(1).

Briefing was complete on May 22, 2015, and the Court held a hearing on the motion on June 10, 2015. *Docs. 59, 64.*

II.   **LEGAL STANDARD**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Moreover, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

2

Federal Rule of Civil Procedure 37(a) permits a party to file a motion to compel responses to properly propounded discovery. *See* Fed. R. Civ. P. 37(a). A court may limit discovery if, after balancing the needs and costs of the proposed discovery, the costs "outweigh[] its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

Conversely, under Federal Rule of Civil Procedure 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . ." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* "[T]he party seeking a protective order must show that disclosure will result in a *clearly defined and serious injury* . . . ." *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003) (emphasis added). Ultimately, "[t]he decision to enter a protective order is within the court's discretion." *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

### III.   ANALYSIS

At the hearing, Defendant Sprunk argued that the documents requested by Plaintiff could detrimentally impact his career if exposed to the public. Thus, disclosure absent a confidentiality order would cause him undue "annoyance, embarrassment, [and] oppression" under Rule 26(c)(1). Counsel emphasized the fact that Defendant

3

Sprunk's termination was subsequently reversed after an arbitrator found flaws in the investigation into the April 6, 2013 incident. Defendant Sprunk argued that this case was distinguishable from other cases involving allegations of wrongdoing because there was a strong reason to believe that the information sought here was inaccurate.

The Court finds these arguments unavailing. Defendant Sprunk's concerns do not meet the standard required to justify a protective order under Rule 26(c), even in light of the arbitrator's decision. Under Rule 26(c)(1), a court may only grant a protective order "for good cause." The party must make this showing through "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . . ." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2035 (3d ed.); *see also King v. Conde*, 121 F.R.D. 180, 198 (E.D.N.Y. 1988), *cited with approval in Mason v. Stock*, 869 F. Supp. 828 (D. Kan. 1994) ("A showing of need must be made . . . before placing the burden of an *in camera* inspection on the magistrate."). "[U]nverified fears," as Defendant Sprunk presents here, do not meet the "good cause" standard. *Pia v. Supernova Media, Inc.*, 275 F.R.D. 559, 560 (D. Utah 2011). After full briefing and oral argument, Defendant Sprunk has asserted only prospective reputational harm. However, because nearly every case involves dramatic disputes of fact, conclusory claims of reputational damage, without more, are insufficient to establish good cause. *Cf. Raiser v. Brigham Young Univ.*, 127 F. App'x 409 (10th Cir. 2005) (vague claims of "potential embarrassment based on vague and

4

speculative suggestions" were inadequate to justify plaintiff's use of a pseudonym); *Brown & Williamson Tobacco Corp.*, 710 F.2d 1165, 1179 (6th Cir. 1983) ("Simply showing that the information would be harmful to the [defendant's] reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records."); *Daines v. Harrison*, 838 F. Supp. 1406, 1408 (D. Colo. 1993) (a party's desire to avoid reputational harm "certainly is not a compelling reason to grant a confidentiality order").

The Court's ruling is buttressed by the axiom that "[c]ourts are public institutions . . . [which] serve the public interest in seeing that justice is done." *Stump v. Gates*, 777 F. Supp. 796, 806 (D. Colo. 1991), *rev'd on other grounds*, 211 F.3d 527 (10th Cir. 2000).  Thus, "[a]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." *American v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978).  This is especially true in cases involving the lawfulness of actions by public officers.  *See Fourhorn v. City and Cnty. of Denver*, 261 F.R.D. 564, 568 (D. Colo. 2009) (public access is favored, "particularly . . . where the party seeking protection is a public entity"); *King*, 121 F.R.D. at 190 ("Lawfulness of police operations is a matter of great concern . . . and protective orders must not be granted without that public interest in mind.").

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (*doc. 54*) is GRANTED.  As ordered at the hearing, counsel will have until June

17, 2015, to meet and confer about the particular items—such as social security numbers, home addresses, and personal phone numbers—within the responsive materials that Defendant Sprunk wishes to redact. Defendant Sprunk shall have until June 24, 2015, to produce the requested discovery.

Should counsel encounter further disputes regarding this matter, they shall call the Court to request a status conference before filing a discovery motion.

### IV.   COSTS

Finally, at the hearing, Plaintiff's counsel stated that she was seeking costs and fees associated with the Motion to Compel. Upon resolution of motions to compel, the "losing" party must be required to pay the reasonable expenses incurred in making or opposing the motion. *See* Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5). However, this payment shall not be required if (i) the prevailing party failed to make a good faith effort to obtain the disclosure without court action; (ii) the "losing" party's grounds were "substantially justified" or (iii) the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5).

Having heard from both sides, the Court finds that an award of expenses is not justified in this instance. Plaintiff did not request costs in his written motion, and counsel has been generally successful in their attempts to resolve disputes through the meet and confer process. Moreover, Defendant Sprunk has established that he acted in good faith in requesting a confidentiality order.

For the foregoing reasons, the Court DENIES Plaintiff's request for costs and fees.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE